IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| *Plaintiff,* | |
| v. | Case No. 6:21-CR-146-CBG |
| TYAS JOSEPH SHORT | |
| *Defendant.* | |

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the Assistant Attorney General of the Criminal Division of the United States Department of Justice, and the above-captioned defendant **pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure**.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charge in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 1 | MURDER IN INDIAN COUNTRY- SECOND DEGREE | 18 U.S.C. §§ 1111(a), 1151, and 1153 |

as set forth in Count One of the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of Count One charged in the Indictment.

Defendant Initials TS         Page 1 of 11

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for MURDER IN INDIAN COUNTRY- SECOND DEGREE is imprisonment for a period of any term of years or life in prison and/or a fine of $ 250,000.00, a term of supervised release of up to five years, to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count set forth above, the United States agrees to move for dismissal of the remaining counts pending against the defendant.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

The defendant, TYAS JOSEPH SHORT, is a member of the Chickasaw Nation, a federally recognized Indian tribe. On the afternoon of April 7, 2019, SHORT and H.W., a minor and a friend of the defendant, were socializing near a residence on Krebs Lake Road in McAlester, Oklahoma, located in the Choctaw Nation's Reservation and in the Eastern District of Oklahoma.

At approximately 4:30 p.m., the victim, LANE CRAWLEY, was driving with his fiancée along Krebs Lake Road when he noticed H.W., with whom CRAWLEY had a preexisting dispute. CRAWLEY stopped his truck and got out of the vehicle to confront H.W. The two exchanged

Defendant Initials TS   Page **2** of **11**

words and CRAWLEY initiated a physical confrontation, hitting H.W. several times. CRAWLEY's fiancée yelled at CRAWLEY to get back in the truck, and Crawley began walking toward the vehicle.

As the victim was heading back to his truck, defendant SHORT fired several gunshots at CRAWLEY, striking him in his back, arm, and the back of his head. SHORT and H.W. quickly fled the scene, and CRAWLEY died of his gunshot wounds within minutes. The defendant admits that he shot CRAWLEY willfully, deliberately, and with malice aforethought, and that he did not act in self-defense or defense of others.

The defendant understands that he will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES

The United States agrees that it will not bring any other criminal charges against the defendant which are known to the United States as of the date of this agreement.

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement nor any recommendations contained herein. However, under Rule 11(c)(1)(C), if the Court accepts the agreement, it is bound to impose the sentence agreed upon by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in

Defendant Initials TS         Page 3 of 11

this agreement. Nothing in this agreement shall bind any state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

  a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

  b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

  c. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

Defendant Initials  TS  Page 4 of 11

  d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

  e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

  f. the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

  g. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

### WAIVER OF DEPARTURE AND VARIANCE RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

  a. the defendant waives the right to request, recommend, or file a departure motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

  b. the defendant waives the right to request, recommend, or file a variance motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant=s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

                    _____
                     TYAS JOSEPH SHORT

                     2-8-2022
                     _____
                       Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    a.    the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
    b.    the United States will be free to make any recommendations to the Court regarding sentencing in this case;
    c.    any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and
    d.    the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented

Defendant Initials  TS          Page **6 of 11**

to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

<u>CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)</u>

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

- a. The right to be reasonably protected from the accused.
- b. The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
- c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
- d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victims' comments and recommendations may be different than those of the parties to this agreement.
- e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations may be different than those presented by the United States.
- f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
- g. The right to proceedings free from unreasonable delay.
- h. The right to be treated with fairness and with respect for the victims' dignity and privacy.

The definition of crime victim under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any

other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Rule 11(c)(1)(C)*

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentence of 168 months, to be followed by a 5 year period of supervised release, is the appropriate disposition of this case. The United States will not seek to impose a fine as part of the sentence.

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility

Defendant Initials __TS__    Page **8** of **11**

to the Court, the United States will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States and the defendant in this case, and is binding only on these parties. This written agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this

Defendant Initials  TS            Page **9** of **11**

plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by counsel for the United States on or before 5:00 p.m., February 11, 2022. Otherwise, the invitation to offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the United States until this agreement is signed by the defendant, defense counsel and counsel for the United States.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

2-8-2022
Date

TYAS JOSEPH SHORT
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

02/09/2022
Date

Jerome Price
Office of the Federal Defender
Eastern District of Caliofrnia
801 I Street, 3rd Floor
Sacramento CA 95814
916-498-5700
Counsel for Defendant

Defendant Initials TS    Page 10 of 11

On behalf of the Criminal Division of the United States Department of Justice, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

KENNETH A. POLITE, JR.
ASSISTANT ATTORNEY GENERAL
Criminal Division, Department of Justice

2-9-21
Date

*Alex Gottfried*
Alexander Gottfried, NY Bar # 5490024
Trial Attorney
1301 New York Avenue, Ste 700
Washington, DC 20005
202-615-1286