IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>TYAS JOSEPH SHORT,<br><br>    *Defendant*. | Case No. CR-21-146-CBG |

## SENTENCING MEMORANDUM

Comes now the United States, by and through its undersigned attorneys, and submits this sentencing memorandum in the above-captioned case. The United States urges the Court to accept the plea agreement reached by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and sentence defendant Tyas Short to **168 months of incarceration**. This is a fair resolution that appropriately considers the statutory factors contained in 18 U.S.C. § 3553(a) and which is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

## BACKGROUND

On April 19, 2021, Magistrate Judge Kimberly E. West approved a criminal complaint against the defendant, charging him with Murder in Indian County, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153, and Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). Within days, state murder charges against the defendant were dismissed for lack of jurisdiction and the defendant was taken into federal custody. On May 12, 2021, a Federal Grand Jury of the Eastern District of Oklahoma returned a three-count Indictment charging the defendant with Second-Degree Murder in Indian Country and related firearms offenses.

The charges arise out of the defendant's fatal shooting of 21-year-old Lane Crawley on April 7, 2019. According to eyewitnesses, on that afternoon the then-18-year-old defendant and his juvenile friend H.W. were hanging out near the residence of Michael Treannie on Krebs Lake Road in McAlester, Oklahoma. The defendant was standing outside talking to Treannie when Crawley drove by in his truck and saw H.W., with whom he had a preexisting dispute. Crawley stopped the truck, approached H.W., and began hitting him without provocation. Following this assault, Crawley started walking back to his pickup truck. At this point, the defendant fired four shots at Crawley, hitting him twice in the back, once in the arm, and once in the head. Short and H.W. fled the scene, and Crawley was pronounced dead by emergency medical personnel. The defendant is a recognized citizen of the Chickasaw Nation and McAlester is within the boundaries of the Choctaw Nation's reservation in the Eastern District of Oklahoma.

On February 24, 2022, the defendant pled guilty to Count One of the Indictment, which had charged him with second-degree murder in Indian Country. As part of the factual basis for the plea agreement, the defendant admitted that he shot Crawley willfully, deliberately, and with malice aforethought, and that he did not act in self-defense or defense of others. Both the defendant and the United States agreed that a sentence of 168 months (14 years), plus five years of supervised release would be the appropriate disposition of the case. Because the agreement was reached under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, if the Court accepts the plea agreement it would be bound to impose the 14-year sentence.

## ARGUMENT

The Court should accept the terms of the plea agreement and impose the agreed-upon sentence of 168 months. Before applying any enhancements, 168 months would be a within-Guidelines sentence given the defendant's Basic Offense Level and Criminal History Category.

With the obstruction of justice enhancement, which the United States agrees was appropriately applied by Probation[1], the sentence represents a modest downward variance from the Guideline range. However, in full consideration of the 3553(a) factors and potential litigation risk at trial, the United States asserts that this variance is appropriate.

The first factor, which is the nature and circumstances of the offense, weighs in favor of a significant sentence. The intentional taking of a human life without justification or excuse is the most serious crime that a person can commit. Lane Crawley was only 21-years old when he was killed, with his entire life ahead of him. As can be clearly seen from the statements that have been submitted, Crawley had a family who loved him deeply and who have been severely impacted by his untimely death. The defendant has admitted that he did not act in self-defense or defense of others in committing this crime. The autopsy confirms eyewitness accounts that the defendant shot Crawley as his back was turned and he was heading back to his pickup truck.

However, the circumstances suggest that the defendant lacked the premeditation necessary to support a charge of first-degree murder, greatly reducing his potential Guideline range. While the United States believes that it would have overcome a "defense of others" defense at trial, it would have had to do so beyond a reasonable doubt, carrying the risk of aquittal. The defendant had just witnessed Crawley commit an unprovoked assault against his 16-year old friend, and he generally believed Crawley to be a violent and unstable person. In the United States' view, these facts do not provide the defendant with a legal defense to the murder charge. However, they may be considered as mitigation when fashioning an appropriate sentence.

---

[1] The United States has explained its position on the obstruction of adjustment enhancement in an October 20, 2022 letter which is appended to the Final Presentence Report. Given the interests and motivations of the two parties, Michael Treannie's account is more credible than the defendant's. Because the ultimate impact on the sentence is minimal (if the Court accepts the plea agreement), an evidentiary hearing on this issue is unnecessary. Further, Mr. Treannie lives approximately two hours from Oklahoma City and does not possess a driver's license, making the inconvenience to him as sole witness is too great to justify such a hearing.

The defendant's history and characteristics also provide grounds for a modest variance. The defendant turned eighteen less than three months before the instant offense, making him a good candidate for rehabilitation. Unusually for a federal murder case, the defendant has primarily been out of custody while his charges have been pending, and he appears to be doing well on Pretrial Supervision. He has complied with the conditions of his release and is working and raising his young son. None of this excuses his killing of Lane Crawley, who was also only 21 when he was killed and who also deserved a chance to turn his life around. But the agreed-upon sentence, which will cause the defendant to be absent for most of his son's childhood, is a serious penalty that will promote respect for the law, provide just punishment for the offense, and deter the defendant from engaging in future criminal activity after his release.

## CONCLUSION

For the foregoing reasons, the Court should accept the parties' agreement and impose a sentence of 168 months on the defendant.

Respectfully submitted,

DAVID JAFFE
Chief, Organized Crime and Gang Section
U.S. Department of Justice

Date: May 30, 2023

/s/ *Alexander Gottfried*
Alexander Gottfried
Trial Attorney
U.S. Department of Justice
Criminal Division
1301 New York Ave NW, Ste 1000
Washington, DC 20005
(202) 615-1286
E-mail: Alexander.gottfried@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Department of Justice. A copy of this **SENTENCING MEMORANDUM** was served upon counsel of record, via electronic mail.

**DATED** this 30th day of May, 2023.

*/ s / Alex Gottfried*

_____

ALEXANDER B. GOTTFRIED

Trial Attorney