IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br><br>TYAS JOSEPH SHORT,<br>Defendant. | )<br>)<br>)<br>)<br>)   Case No.  6:21-CR-00146-CBG<br>)<br>)<br>)<br>) |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

COMES NOW Defendant Tyas Short, by and through his attorney of record, Assistant Federal Defender Jerome Price, and hereby submits his sentencing memorandum and motion for variance. The Presentence Investigation Report ("PSR") calculated the total offense level at 37 and the criminal history points at zero, which results in a Category I. The guideline range calculated by probation is 210 – 262 months. Mr. Short filed a sentencing memorandum challenging the calculated guideline range, contending that the correct guideline range is 168 to 210 months. ECF No. 65.

The parties entered into Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement that recommends a specific sentence of 168 months. If the Court were to sustain Mr. Short's objection to the application of the § 3C1.1 enhancement, then the plea agreement would be recommending a guideline sentence. If the Court overrules Mr. Short's objection to the application of the § 3C1.1 enhancement, Mr. Short moves this Court to nonetheless vary downward to accept the parties' recommendation. Mr. Short agrees with the government that the 18 U.S.C. 3553(a) factors counsel for a total sentence of 168 months. He similarly urges the Court to accept the plea agreement and impose that specific sentence.

Mr. Short has submitted various character letters to the Court as well as a letter from Mr. Short to the Court. Given the unique set of circumstances surrounding the offense conduct, Mr. Short's youth at the time of the offense, his lack of criminal history, and his performance on pretrial supervision, 168 months represents a substantial sentence that is sufficient, but not greater than necessary to achieve the purposes of sentencing.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Short agrees substantially with the government's recitation of the core facts in its sentencing memorandum. Mr. Short and his 16-year-old best friend H.W. were essentially minding their own business on Krebs Lakes Road, close to one of their hangout spots. L.C. was driving down the road and noticed H.W. Although it is disputed whether H.W. flagged L.C. or whether L.C. stopped on his own, it is undisputed that L.C. came to an aggressive screeching halt. L.C. gets out of his truck while his truck is running and stopped in the middle of the street. L.C., a 21-year-old adult proceeds to violently assault H.W., who was then 16 years old. Mr. Short had observed the sequence of events, but his line of sight to H.W. was blocked by L.C.'s truck in the middle of the road. Mr. Short did not know whether his friend was punched or stabbed. From his perspective, his friend had dropped to the ground at the hands of L.C.

When L.C. is returning to the truck, Mr. Short observes L.C. muttering something while looking directly in Mr. Short's direction. Mr. Short described L.C.'s appearance as "unhinged." As L.C. approaches his truck, Mr. Short notices that he doesn't immediately get back in the truck. Instead, he reaches for something inside the cab behind the driver's seat. In Mr. Short's mind, L.C. was reaching for a firearm. Before Mr. Short can observe what L.C. was reaching for and before L.C. turned around, Mr. Short shot L.C. four times while gripped in fear for his safety.

L.C. certainly did not deserve to die April 7, 2019.  His killing was a tragedy.  Mr. Short is truly remorseful for his actions acknowledges that he will forever have to live with the guilt of knowing he took another man's life, particularly at such a young age.  The Court should look at all the circumstances which led to the perception that L.C. would violently harm Mr. Short.  First, L.C. was under the influence of methamphetamine, which explains his seemingly erratic behavior.  He had a reputation for being a tough guy.  L.C. presented himself as gang affiliated on his social media profiles.  He had a tattoo on his hand of a pistol whereby his index and middle fingers were the barrel.  Local news coverage had reported only two months prior that L.C. had shot his grandmother then fled the scene.  Certainly, L.C.'s actions in assaulting H.W. did nothing to dispel the violent reputation that L.C. had garnered.  Mr. Short was well-aware of L.C.'s reputation when he fired those shots in fear.

## HISTORY AND CHARACTERISTICS OF TYAS SHORT

Mr. Short had recently turned 18 when this offense was committed.  Prior to this offense, he had no criminal history.  He had a tumultuous childhood.  He witnessed his mother succumb to a serious drug addiction that landed her in prison.  His father struggled with alcoholism.  This may have laid the groundwork for Mr. Short's own history of substance abuse.  As a result of this offense, he has battled depression.  He did voluntarily go to therapy to help him process his own actions.

Whereas before this offense Mr. Short's life was directionless, since being on pretrial supervision Mr. Short has made remarkable strides as finding purpose in his life even knowing that he would have to pay the consequences for his criminal conduct.  Mr. Short is now a married father of a two-year-old son.  He elects to stay home to be a caretaker for his son while his wife works as a Certified Nursing Assistant pursuing her professional goals.  Mr. Short has been drug

tested extensively for the over two years he's been on pretrial release. His results have consistenlty come up negative, which means he has taken his sobriety seriously. His friends and family consistently remark about the wonderful father Mr. Short has become. This certainly bodes well for Mr. Short's ability to rehabilitate and become a productive member of society. The defense agrees with the government that Mr. Short's youthful age and, more importantly, his attitude towards post-arrest rehabilitation makes him a good candidate for rehabilitation.

Mr. Short wants to serve his time, pay his debt to society, and put this episode in his life past him. He recognizes that both he and L.C.'s loved ones will live with Mr. Short's actions for the rest of their respective lives. Mr. Short will pay not just in the time he serves in prison, but also the time he will be away from his wife and son. He will have to watch his son grow up mostly from behind bars. Notwithstanding, Mr. Short plans to use his time productively by learning a trade that he can use to be gainfully employed upon release. He understands that upon release he will be making up for lost time with his family. The time he will have lost while in prison will fuel his efforts to be compliant while on supervised release and to stay law abiding upon release.

## CONCLUSION

Mr. Short respectfully requests that this Court accept the parties' plea agreement and impose a sentence of 168 months.

**[The rest of this page is intentionally left blank]**

                                  Respectfully submitted,

                                  OFFICE OF THE FEDERAL DEFENDER
                                  Heather E. Williams, Federal Defender

Date: May 30, 2023                  */s/ Jerome Price*
                                  JEROME PRICE, CA #282400
                                  Assistant Federal Defender
                                  801 I Street, Third Floor
                                  Sacramento, CA 95814
                                  916-498-5700
                                  jerome_price@fd.org

                                  Attorneys for Defendant
                                  TYAS SHORT

## CERTIFICATE OF SERVICE

I certify that on May 30, 2023, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to each counsel of record.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  None.


/s/   Jerome Price
JEROME PRICE, CA #282400
Assistant Federal Defender
OFFICE OF THE FEDERAL DEFENDER
801 I Street, Third Floor
Sacramento, CA 95814
916-498-5700
jerome_price@fd.org